**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 14-1652-DOC(RNBx)            Date: October 23, 2014

Title: EPIFANIO GARCIA V. NATIONAL DEFAULT SERVICES CORP., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER [8]**

      Plaintiff Epifanio Garcia filed the instant Ex Parte Request for Temporary Restraining Order ("TRO Request") (Dkt. 8) to stop the foreclosure of his home. The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and Complaint, the Court DENIES Mr. Garcia's request.

     **I.**     **Background**

      Mr. Garcia filed his verified complaint in this Court on October 10, 2014 to challenge the foreclosure of his home in Hawaiian Gardens, California. Compl. ¶ 10. The foreclosure sale is set for October 24, 2014. TRO Request at 1. There is no proof of service attached to any of the documents, and no other evidence that Defendants have yet been served with either the Complaint or the TRO Request.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 14-1652-DOC(RNBx)                                    Date: October 23, 2014

                                                                                                                                     Page 2

## II.     Legal Standard

       The standard for a temporary restraining order ("TRO") is the same as the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council Inc.*, 555 U.S. 7, 20 (2008). The court may apply a sliding scale test, under which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

       If the application for the temporary restraining order is made ex parte, Rule 65(b) requires that: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). The standard for issuing a temporary restraining order without notice to the adverse party is very stringent, and the burden on the movant to show why notice is not required is accordingly very high. *See Granny Goose Foods, Inc. v. Broth. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Reno Air Racing Ass'n*, 452 F.3d at 1131 ("[C]ircumstances justifying the issuance of an ex parte order are extremely limited.").

## III.     Discussion

       The Court recognizes the loss of one's home as a tremendous and irreparable harm. However, because Mr. Garcia's Complaint and TRO Request contain very few facts specific to himself and to his situation (Mr. Garcia appears to have copied and pasted from a template), the Court cannot determine whether Mr. Garcia is likely to succeed on the merits or at least raises a serious question as to the merits of his claim.

       Moreover, Mr. Garcia's filings do not comply with Rule 65(b)(1)(B). There is no explanation for why Mr. Garcia did not try to notify Defendants, nor any evidence that it

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 14-1652-DOC(RNBx)                              Date: October 23, 2014
                                                                                                    Page 3

was not possible to prevent irreparable harm if Defendants were given the opportunity to respond, even if on an accelerated basis. There is no clear explanation for this deficiency; Mr. Garcia's complaint, which was filed October 10, 2014, demonstrates that Mr. Garcia was aware that Defendants had "initiated an illegal non-judicial foreclosure sale" as of two weeks ago. *See* Compl. ¶ 10. Rule 65(b)(1) recognizes that granting a plaintiff's request for a temporary restraining order may sometimes be appropriate even if the defendant does not receive notice. However, the plaintiff asking for the temporary restraining order must at least try to give the defendant notice or explain why notice should not be required. Here, Mr. Garcia could have notified Defendants of this lawsuit earlier and could have filed this Request earlier. Without an explanation why notice should not be required in this situation, the Court cannot issue a temporary restraining order.

## IV. Disposition

     For the reasons stated above, Mr. Garcia's TRO Request is DENIED.

     The Clerk shall serve a copy of this minute order on all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                                    Initials of Deputy Clerk cl